IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01454-BNB

LANTZ MICHAEL NORRIS,

    Plaintiff,

v.

MAYOR OF CENTENNIAL RANDY PYE,
COLORADO STATE BOARD OF NURSING,
COLORADO STATE BOARD OF MEDICAL EXAMINERS,
EXEC. DIRECTOR TAMBOR WILLIAMS,
MAYOR OF AURORA ED TAUER,
AURORA CHIEF OF AURORA POLICE DANIEL OATS,
AURORA POLICE DEPT. OFFICERS JOHN DOE & JANE DOE 1-200,
ARAPAHOE COUNTY COM. BERNIE ZIMMER,
PATRICK J. SULLIVAN DETENTION FACILITY,
SHERIFF J. GRAYSON ROBINSON AND DEPUTY SHERIFFS 1-100,
D/S FINGER,
D/S CLINE,
D/S CARLE,
D/S BIDON,
D/S BEATTY,
CHIEF LAUDERDALE,
CAPT. BAY,
LT. HARTMAN,
MAILROOM – LT. MANOS,
SUE WHITE,
HSA ELAINE MYERS,
DR. JIM SCHLEGEL,
DR. GARLICK,
NURSE GOSS,
IVERSON,
COMPLETE MEDICAL STAFF 1-100,
CLASSIFICATION NANCY SIVEK, MI,
ARAMARK FOOD SERVICE,
EDDIE CILMER, FSD,
JANE STADDISH,
MAURICE WOMACK, (Dietician),
SGT. MARTINEZ,
SGT. WISCOMB,
SGT. ROSS,

FILED
UNITED STATES DISTRICT COURT
    R, COLORADO

SEP 2 7 2006

GREGORY C. LANGHAM
                CLERK

DR. SOLIS (Correctional Healthcare Mgt.),
ARAPAHOE COUNTY JAIL LAW LIBRARY,
MS. BRITTANY,
MS. SHEILA CLARKE, and
JOHN & JANE DOE 1-500,

   Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Lantz Michael Norris is confined at the Arapahoe County Detention Facility (ACDF) in Centennial, Colorado. Mr. Norris has filed *pro se* a Prisoner Complaint alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Norris is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Norris will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because Mr. Norris fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Norris asserts four claims for relief challenging the conditions of his confinement at the ACDF. Although Mr. Norris lists the names of various Defendants in connection with each of the claims he asserts, he fails to allege specific facts to demonstrate how each of the Defendants actually violated his constitutional rights. In addition, Mr. Norris is suing various Defendants that have no apparent connection to his confinement at the ACDF.

Therefore, Mr. Norris will be ordered to file an amended complaint.

Mr. Norris is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Mr. Norris should name as Defendants in the amended complaint only those individuals or entities that he believes actually violated his constitutional rights. Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Norris must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Norris also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each of his claims that relate to the conditions of his confinement. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

3

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Norris must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Norris has not exhausted administrative remedies for each of his claims and all of the issues raised in each of his claims, the entire complaint must be dismissed.

Mr. Norris has submitted copies of a few administrative grievances that relate to medical treatment. However, the issues raised in those grievances are not specifically mentioned in the claims Mr. Norris is asserting. He has not submitted copies of any administrative grievances to demonstrate exhaustion of administrative remedies for the specific claims and issues he actually is raising. Mr. Norris does allege that he has exhausted administrative remedies. In support of this allegation he alleges "I would ask the Court to order all copies, receipts and dictations from medical, food service & police reports. The Administrative/Grievance remedies are grossly inadequate." (Prisoner Compl. at 20.) This explanation does not satisfy the requirement that Mr. Norris describe with specificity how he has exhausted administrative remedies for each of his claims and all of the various issues he raises in those claims. Mr. Norris' conclusory allegation that the grievance remedies are grossly inadequate, without any specific details describing his efforts to exhaust administrative remedies and explaining why the

4

grievance remedies are not adequate, also does not demonstrate a lack of available administrative remedies.

Finally, Mr. Norris is reminded that he must submit sufficient copies of his amended complaint to serve each named Defendant. Therefore, if Mr. Norris lists twenty Defendants in his amended complaint, he must submit the original amended complaint to the court with twenty copies to be served on the Defendants. Accordingly, it is

ORDERED that Mr. Norris file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Norris, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Norris fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 27, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01454-BNB

Lantz Norris
Reg. No. 069124
ACDF
P.O. Box 4918
Englewood, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 9/27/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk